**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RUSSELL EAST, | DOCKET NUMBER |
| Appellant, | DC-0752-19-0484-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: July 12, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cheri L. Cannon, Esquire, Washington, D.C., for the appellant.

Lorna J. Jerome, Esquire, and Edith Moore McGee, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action. On petition for review, the appellant alleges the following: (1) the agency failed to prove certain enumerated

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

specifications of its charges of failure to follow supervisory instructions and absence without leave; (2) the agency's *Douglas* factors[2] analysis was legally insufficient; (3) the agency failed to implement progressive discipline; (4) the administrative judge made erroneous credibility determinations; and (5) the administrative judge exhibited bias. Petition for Review (PFR) File, Tab 3 at 5-26. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to VACATE the administrative judge's alternative findings regarding the appellant's claim of whistleblower retaliation and (2) to clarify the legal standard applicable to the appellant's claim of reprisal for protected equal employment opportunity (EEO) activity and to VACATE the administrative judge's alternative findings regarding the same, we AFFIRM the initial decision.

The appellant contends that the agency failed to prove certain enumerated specifications of its charges and failed to conduct a legally sufficient *Douglas* factors analysis. PFR File, Tab 3 at 8-19. Having considered the appellant's

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

assertions, we find no basis to disturb the administrative judge's reasoned findings on these issues.

The appellant avers that the agency failed to implement progressive discipline. *Id*. at 19-22. To this end, he asserts that the "total absence of any discipline, counseling or warning in the instant matter" violated agency policy, i.e., Commandant Instruction (COMTINST) M12750.4A,[3] which includes, among other things, the agency's table of penalties. *Id*. at 19-20, 22. Contrary to the appellant's assertions otherwise, we find that the appellant's removal was consistent with the agency's table of penalties. Initial Appeal File (IAF), Tab 4 at 101. Indeed, the agency's table of penalties sets forth a suggested penalty range of "5-day suspension to removal" for a first offense of "[w]illful or intentional delay or refusal to comply with an order, direction, instruction, or assignment of a supervisor or other management official." *Id*. The appellant "openly admit[ted] that [he] made a conscious decision to not follow the instructions of [his] supervisor." *Id*. at 19; ID at 19, 29. He also committed AWOL offenses on three occasions. ID at 23-25. Moreover, COMTINST M12750.4A provides that the table is "intended only to assist" management and does not "create any rights, administrative or judicial, whether substantive or procedural, which can be enforced against the [agency]." COMTINST M12750.4A at 46; *see Farrell v. Department of the Interior*, 314 F.3d 584, 590-92 (Fed. Cir. 2002) (concluding that an agency's table of penalties is merely an advisory guide that is not binding on the agency absent a specific statement making it so). In these circumstances, we find that the appellant's arguments regarding progressive discipline do not warrant a different outcome.

The appellant asserts that the administrative judge made erroneous credibility determinations. PFR File, Tab 3 at 22-26. To this end, he avers that the administrative judge failed to "articulate a specific demeanor-based reason"

---

[3] https://media.defense.gov/2017/Mar/29/2001723623/-1/-1/0/CIM_12750_4A.PDF (last visited July 12, 2024). The agency also provided a portion of COMTINST M12750.4A with its appeal file. Initial Appeal File, Tab 4 at 96-103, Tab 5 at 4-10.

for finding the agency's witnesses more credible than him. *Id*. at 24. The Board must give deference to the administrative judge's credibility determinations when such conclusions are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons to do so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge reviewed the totality of the testimonial evidence and he cited applicable Board case law in setting forth his reasoned credibility determinations. *E.g.*, IAF, Tab 35, Initial Decision (ID) at 4 n.6 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987)). The appellant's broad allegations of error do not provide a basis to disturb his findings. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's conclusions because the initial decision indicated that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The appellant alleges bias on part of the administrative judge. PFR File, Tab 3 at 11 n.6, 24-25. To this end, he contends that the initial decision "demonstrate[ed] a refrain throughout the opinion: [the administrative judge's] biased (and baseless) interpretation of the facts." *Id*. at 11 n.6. He also contends that the administrative judge "repeatedly demonstrated clear bias" during the hearing, to include asking the appellant improper questions, mischaracterizing his testimony, and overlooking "glaring inconsistencies" in the testimony of other witnesses. *Id*. at 24-25. The Board has consistently held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during

the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions indicate a deep-seated favoritism or antagonism that would render fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010).

Here, the record, to include the hearing transcript, is devoid of any indication of personal bias. *See Williams*, 87 M.S.P.R. 313, ¶ 12 (stating that the Board will not infer bias based on an administrative judge's rulings on issues). Indeed, we find that the administrative judge's credibility determinations were supported by the documentary and testimonial evidence in the record. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015) (finding unavailing the agency's argument that the administrative judge's credibility determinations lacked a factual basis and therefore must have been the product of anti-agency bias when the administrative judge's credibility determinations had adequate factual underpinning). Thus, the appellant's unsubstantiated allegations are insufficient to rebut the presumption of the administrative judge's honesty and integrity. PFR File, Tab 3 at 11 n.6, 24-25; *see Washington*, 81 M.S.P.R. 101, ¶ 7.

We modify the initial decision to vacate the administrative judge's alternative findings regarding whistleblower retaliation.

The appellant does not raise any arguments regarding his affirmative defense of whistleblower retaliation on review, and we discern no material error in the administrative judge's conclusion that the appellant failed to prove the same by preponderant evidence. ID at 27-30. The administrative judge found, based on reasoned credibility determinations, that the appellant had failed to show that his protected activity "contributed in any way" to the adverse action. ID at 28-29. We discern no basis to disturb this finding. *See Haebe*, 288 F.3d at 1301. Despite so finding, however, the administrative judge thereafter concluded in the alternative that, even if the appellant had established that his protected activity was a contributing factor in the agency's decision, the agency

nonetheless proved by clear and convincing evidence "that it would have removed the appellant in the absence of this improper motive." ID at 29. Because the appellant failed to establish a prima facie case of whistleblower reprisal, we do not proceed to the clear and convincing evidence test, and we vacate this alternative finding. *See* 5 U.S.C. § 1221(e)(2); *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

<u>We modify the initial decision to clarify the legal standard applicable to the appellant's claim of EEO reprisal and to vacate the administrative judge's alternative findings regarding the same.</u>

Here, the administrative judge analyzed the appellant's claim of EEO reprisal using the legal framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 25. ID at 25-27. According to *Savage*, the Board first inquires whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. If so, the next inquiry is whether the agency has shown by preponderant evidence that it would have taken the action absent the discriminatory or retaliatory motive. *Id*. If the agency makes such a showing, the Board will not reverse the contested personnel action. *Id*. Applying this framework, the administrative judge concluded that the appellant "failed to demonstrate that his EEO-related activity was a motivating factor in the agency's removal action." ID at 27. He then concluded in the alternative that, "even assuming arguendo that the appellant could establish that EEO activity was a motivating factor in the removal action, he is not entitled to corrective action because the agency proved by overwhelming evidence that it would have taken the same action in the absence of any retaliatory motive." *Id*.

The appellant's EEO complaint alleged both disability discrimination and race discrimination. IAF, Tab 15 at 92, Tab 18 at 149-52. The administrative judge properly applied the motivating factor standard set forth in *Savage* to the appellant's claims of reprisal for activities protected under Title VII, i.e., his claims alleging discrimination based on his race. *See Savage*, 122 M.S.P.R. 612, ¶ 51. We discern no basis to disturb the administrative judge's conclusion that his activity protected under Title VII was not a motivating factor in his removal. ID at 27. Because the appellant's Title VII claims fail on this basis, we do not reach the question of "but for" causation, and we vacate the administrative judge's alternative findings in this regard. *See id.*

The appellant's claims alleging retaliation regarding his complaints of disability discrimination are not protected by Title VII but rather are protected under the Rehabilitation Act of 1973, which incorporates by reference the anti-retaliation provision of the Americans with Disabilities Act of 1990. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 44. Subsequent to the initial decision, the Board clarified that a more stringent standard should be applied to such claims of retaliation. *Id.*, ¶¶ 45-47. Under *Pridgen*, the appellant bears the burden of proving "but for" causation, and the burden never shifts to the agency. *Id.* Here, however, insofar as we discern no basis to disturb the administrative judge's conclusion that the appellant's EEO-related activity was not a motivating factor in his removal, the appellant necessarily fails to satisfy the more stringent legal standard set forth in *Pridgen*. ID at 27; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 9 (2016).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.